UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
SOUTHERN OHIO SAND, LLC,            :
:
       Plaintiff,            :      CASE NO. 16-CV-833
:
  vs.            :
:      OPINION & ORDER
PREFERRED PROPPANTS, LLC,            :      [Resolving Doc. 6]
:
       Defendant.            :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Plaintiff Southern Ohio Sand, LLC ("SOS") brings claims against Defendant Preferred Proppants, LLC ("Preferred") arising out of their November 4, 2015 Mutual Non-Disclosure and Confidentiality Agreement ("the Agreement").[1] After Defendant removed this case from the Lake County Common Pleas Court, the Plaintiff seeks to remand the case to state court.[2] For the following reasons, this Court **DENIES** Plaintiff's motion to remand.

## I. Background

    In 2015, the parties entered into preliminary negotiations for Defendant to purchase Plaintiff.[3] As part of Defendant's due diligence, Plaintiff provided Defendant with allegedly proprietary and confidential information.[4] The parties also signed the Agreement, which prevents Defendant from using or disclosing Plaintiff's proprietary information to others.[5]

    Negotiations between the parties broke down and Defendant Preferred never bought Plaintiff SOS. On April 5, 2016, Plaintiff filed its complaint in the Lake County Court of

---

[1] Doc. 1-1.
[2] Doc. 6.
[3] Doc. 1-1 at 5.
[4] *Id.* at 4–5.
[5] *Id.* at 4, 6.

Case No. 16-cv-833
Gwin, J.

Common Pleas.[6] Plaintiff alleges ten counts of Ohio law violations arising from the parties' failed deal and Defendant's alleged use of Plaintiff's proprietary information. Plaintiff also sought and received a temporary restraining order prohibiting Defendant from using the proprietary information or communicating with Plaintiff's customers.[7]

On April 7, 2016, Defendant removed the case to this Court. Defendant cited diversity jurisdiction as the basis for removal.[8]

On April 8, 2016, Plaintiff filed a motion to remand. Plaintiff says that Defendant waived its right to remove under the terms of the Agreement.[9]

The Agreement has the following provision:

> Any legal suit, action or proceeding arising out of or related to this Agreement or the matters contemplated hereunder shall be instituted exclusively in the federal courts of the United States or the Courts of the State of Ohio, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding and waives any objection based on improper venue or forum non conveniens.[10]

On April 11, 2016, Defendant opposed the motion to remand. Defendant says that under a plain reading of the venue clause above, Defendant retains the right to remove this case to federal court in Ohio.[11]

On April 11, 2016, Plaintiff filed its reply in support of the remand motion. Plaintiff says that because the clause uses "or" instead of "and" to separate "federal courts of the United States or the Courts of the State of Ohio," Plaintiff's choice to file suit in state court eliminates Defendant's ability to remove to federal court.[12]

---

[6] Doc. 1-1.
[7] Doc. 2-4.
[8] Doc. 1 at 1–3.
[9] Doc. 6.
[10] Doc. 6-1 at 3.
[11] Doc. 11.
[12] Doc. 12.

Case No. 16-cv-833
Gwin, J.

## II. Legal Standard

A defendant may remove a case filed against it from state court to federal court when the parties are diverse and the amount in controversy exceeds $75,000.[13] A party to a contract may waive its right to remove a case arising from the contract. However, the contractual waiver has to be a clear and unequivocal waiver of a party's right to remove.[14] A district court interprets the contested provision using ordinary contract interpretation principles.[15]

## III. Discussion

Defendant Preferred correctly notes that this Court has diversity jurisdiction over these claims. The parties are diverse and the amount in controversy exceeds $75,000.[16]

However, Plaintiff SOS says that remand is proper because the parties' Agreement precludes removal. This argument loses.

The venue provision of the parties' Agreement is not a clear and unequivocal waiver of Defendant's right to remove. The provision calls for jurisdiction "in the federal courts of the United States or the Courts of the State of Ohio." This Court is a "federal court[] of the United States."

As important, the provision says: "each Party irrevocably submits to the exclusive jurisdiction *of such courts* in any such suit, action or proceeding . . ." In using the plural term "courts", the parties reflected some acknowledgment that cases could be removed from state court.

Plaintiff says that the Agreement provision that Defendant "waives any objection based on improper venue or forum non conveniens" is a waiver of Defendant's right to remove. This

---

[13] 28 U.S.C. §§ 1332, 1441.
[14] *Regis Associates v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990).
[15] *In re Delta Am. Re Ins. Co.*, 900 F.2d 890, 892 (6th Cir. 1990).
[16] Doc. 1 at 3–4.

-3-

Case No. 16-cv-833
Gwin, J.

argument loses. Removal is not an "objection based on improper venue or forum non conveniens." Removal is a separate issue not contemplated by the language of the Agreement.

Plaintiff also says that "Once the Plaintiff chose the Lake County Court of Common Pleas, the Defendant irrevocably accepted 'the exclusive jurisdiction of [the state] court,' and waived 'any objection based on improper venue . . . .'"[17] Plaintiff says that if the Agreement called for jurisdiction in either the federal courts or the state courts, it would have used the word "and" instead.[18] This argument loses. A plain reading of the phrase "Any legal suit . . . shall be instituted exclusively in the federal courts of the United States or the Courts of the State of Ohio," indicates that a lawsuit would be acceptable in either court system. There is nothing about the use of the word "or" or anything else in the Agreement to suggest that Plaintiff filing suit in state court somehow negates Defendant's right to remove.

Furthermore, providing for jurisdiction "in the federal courts of the United States **and** the Courts of the State of Ohio," as Plaintiff argues needed to be done, would not make sense. A lawsuit cannot proceed in two court systems simultaneously, as the use of the word "and" would imply in this context.

The Agreement contains no waiver of Defendant's right to remove the case. Because this Court has diversity jurisdiction, remand is improper.

---

[17] Doc. 6 at 4. This Court notes that replacing the original Agreement language, "such courts," with "[the state] court" is misleading. The original text is in the plural and refers to both federal and Ohio courts. Plaintiff's altered version is in the singular and ignores the federal courts. As discussed above, the unaltered language further emphasizes that the Agreement contemplates jurisdiction in either the state courts or the federal courts, making removal proper.
[18] Doc. 12 at 3.

Case No. 16-cv-833
Gwin, J.

## IV. Conclusion

For the reasons above, this Court **DENIES** Plaintiff's motion to remand.

IT IS SO ORDERED.


Dated:  April 14, 2016                                         *s/          James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE